UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATELYA CARTER,

    Plaintiff,

                                          CASE NO.:

v.

BON SECOURS ST. PETERSBURG
HOME CARE SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Latelya Carter, by and through undersigned counsel, brings this action against Defendant, Bon Secours St. Petersburg Home Care Services, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in this Pinellas County which is in this district.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida, and she worked at Defendant's place of business in Pinellas County.

5. Defendant operates an assisted living facility in St. Petersburg, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, and retaliated against Plaintiff for invoking her rights under the FMLA.

7. Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant as a Licensed Practical Nurse (LPN) in July 2017, and she worked in this capacity until January 2021.

13. Plaintiff was a full-time employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

14. On or around September 2020, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

15. On or around September 2020, Plaintiff requested intermittent leave for her condition which required ongoing medical care. This injury or condition qualified as a serious health condition under the FMLA, 29 U.S.C. § 2611(11).

16. In or about October 26, 2020, Defendant gave Plaintiff a written write up allegedly wearing the wrong mask. However, Defendant had provided several different masks and Defendant did not write up the Inspection Control Nurse for not providing the correct mask.

17. In or about November 2020, Plaintiff inquired why she was the only employee that did not receive extra pay for working during the pandemic that Defendant was providing to other employees.

18. Defendant alleged it was due to the write up given to her in October, however, other employees that were also written up for the same incident were, in fact, provided the extra pay for working during the pandemic.

19. Plaintiff was the only employee that did not receive the extra pay for working during the pandemic.

20. Plaintiff was the only employee that was on FMLA during the time the Defendant was providing extra pay for working during the pandemic.

21. In or about October 2020, Plaintiff complained to her Manager but nothing was done.

22. Plaintiff then complained to her Director of Nursing but nothing was done.

23. Plaintiff then complained to the Administrator, and only then, after weeks of making her complaints known, was she provided the same extra pay as the other employees for working during the pandemic.

24. On or about January 13, 2021, only two months after making her complaints about the disparate treatment she was receiving, Defendant terminated Plaintiff for allegedly leaving without clocking out.

25. However, Plaintiff had followed the same protocol that other employees were permitted, which was to leave without clocking out.

26. Defendant did not follow its own progressive discipline policies.

27. Plaintiff exercised her rights under the FMLA by requesting intermittent leave.

28. In response, Defendant terminated Plaintiff's employment.

## **COUNT I – FMLA INTERFERENCE**

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as fully set forth herein.

30. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

31. Defendant terminated Plaintiff's employment.

32. Plaintiff exercised Plaintiff's rights under the FMLA, and Defendant interfered with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights under the FMLA, in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

    (f)    Liquidated Damages;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

35. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 29 of this Complaint, as fully set forth herein.

36. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

37. Plaintiff engaged in protected activity under the FMLA by exercising or attempting to exercise her rights under the FMLA.

38. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    (a)    That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of August, 2022.

                                        Respectfully submitted,

                                        */s/ Brandon J. Hill*
                                        **BRANDON J. HILL**
                                        Florida Bar Number: 0037061
                                        Direct Dial: 813-337-7992
                                        **AFRICA F. ALTIDOR**
                                        Florida Bar Number: 124595
                                        Direct Dial: 813-321-4085
                                        **WENZEL FENTON CABASSA, P.A.**
                                        1110 N. Florida Avenue, Suite 300
                                        Tampa, Florida 33602
                                        Main Number: 813-224-0431
                                        Facsimile: 813-229-8712
                                        Email: bhill@wfclaw.com
                                        Email: aalitdor@wfclaw.com
                                        Email: aketelsen@wfclaw.com
                                        **Attorneys for Plaintiff**